UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ENDICO POTATOES, INC.,

        Plaintiff,

Case No.: 08 CV 0059

-against-

HOME MARKET FOODS, INC., WESLEY ATAMIAN and DOUGLAS ATAMIAN,

        Defendants.

COMPLAINT (to Enforce Payment From Produce Trust)

ENDICO POTATOES, INC. (hereinafter referred to as "ENDICO" or "plaintiff"), for its complaint against defendants, alleges:

### JURISDICTION AND VENUE

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(4), (hereinafter "the PACA"), 28 U.S.C. §1331 and 28 U.S.C. §1332.

2. Venue in this District is based on 28 U.S.C. §1391 in that the substantial events constituting the claims arose in this District.

### PARTIES

3. Plaintiff is a corporation engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce. At all times pertinent herein, plaintiff was licensed as a dealer under the provisions of PACA.

4. Defendant, HOME MARKET FOODS ("HOME MARKET"), upon information and belief, is a foreign corporation doing business in the State of New York.

1

5. This Court has personal jurisdiction over Defendant pursuant to CPLR §302(a)(1), in that Plaintiff's action arises from Defendant's transaction of business in New York under applicable New York law, as further supported cases decided by the Courts of New York (e.g. Kreutter v. McFadden Oil Corp., 71 N.Y.2d 460, 522 N.E.2d 40, 527 N.Y.S.2d 195 (1988)).

6. At all times hereinafter mentioned, the defendant, HOME MARKET, regularly does or solicits business within the State of New York.

7. At all times hereinafter mentioned, the defendant, HOME MARKET, regularly engages in a persistent course of conduct within the State of New York.

8. At all times hereinafter mentioned, the defendant, HOME MARKET, derives substantial revenue from goods used or sold within the State of New York.

9. At all times hereinafter mentioned, the defendant, HOME MARKET, expected or reasonably should have expected that the acts hereinafter alleged would have consequences within the State of New York.

10. At all times hereinafter mentioned, the defendant, HOME MARKET derives substantial revenue from interstate and/or international commerce.

11. At all times hereinafter mentioned, the activities of the defendant, HOME MARKET, in the State of New York were purposeful with a substantial relation between the transactions arising from such activities and the claim herein asserted against it.

12. At all times hereinafter mentioned, the defendant, HOME MARKET, purposefully

directed its activities toward the State of New York and have created continuing obligations between itself and the residents of the State of New York.

13. At all times hereinafter mentioned, the defendant, HOME MARKET, has availed itself to the privilege of conducting business in the State of New York.

14. The defendant, WESLEY ATAMIAN, is a principal officer, director and shareholder of HOME MARKET and was the conscious moving force concerning the operations of that corporation.

15. The defendant, WESLEY ATAMIAN, directed all of the activities and operations of HOME MARKET.

16. The defendant, DOUGLAS ATAMIAN, is a principal officer, director and shareholder of HOME MARKET and was the conscious moving force concerning the operations of that corporation.

17. The defendant, DOUGLAS ATAMIAN, directed all of the activities and operations of HOME MARKET.

### GENERAL ALLEGATIONS

18. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. §499(c).

19. ENDICO sold and delivered to defendant, HOME MARKET, in interstate commerce, $10,300.80 worth of wholesale quantities of produce.

20. Defendant, HOME MARKET, has failed to pay for the produce when payment was

due, despite repeated demands and presently owe plaintiff $10,300.80.

21. At the time of receipt of the produce, plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of each defendant since the creation of the trust.

22. Plaintiff preserved its interest in the PACA trust in the amount of $10,300.80 and remains a beneficiary until full payment is made for the produce.

## COUNT 1 AGAINST HOME MARKET
## (FAILURE TO PAY TRUST FUNDS)

23. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 22 above as if fully set forth herein.

24. The failure of defendant to make payment to plaintiff of trust funds in the amount of $10,300.80 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

WHEREFORE, plaintiff requests an order enforcing payment from the trust by requiring immediate payment of $10,300.80 to plaintiff.

## COUNT 2 AGAINST HOME MARKET
## (FAILURE TO PAY FOR GOODS SOLD)

25. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 24 above as if fully set forth herein.

26. Defendant failed and refused to pay plaintiff $10,300.80 owed to plaintiff for produce

received by defendants from plaintiff.

WHEREFORE, plaintiff requests judgment in the amount of $10,300.80 against the defendant.

## COUNT 4 AGAINST HOME MARKET
### (INTEREST AND ATTORNEY'S FEES)

27. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 27 above as if fully set forth herein.

28. As a result of defendants' failure to make full payment promptly of $10,300.80, plaintiff has lost the use of said money.

29. As a further result of defendant's failure to make full payment promptly of $10,300.80, plaintiff, has been required to pay attorney's fees and costs in order to bring this action to require defendant to comply with their statutory duties.

## COUNT 5 AGAINST WESLEY ATAMIAN AND DOUGLAS ATAMIAN
### (FAILURE TO PAY TRUST FUNDS)

30. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 29 above as if fully set forth herein.

31. The defendant, WESLEY ATAMIAN, is personally responsible to pay all sums due to the plaintiff.

32. The defendant, DOUGLAS ATAMIAN, is personally responsible to pay all sums due to the plaintiff.

WHEREFORE, plaintiff requests judgment against each of the defendants for prejudgment

interest, costs and attorneys fees.

Dated this 13th day of December, 2007.

             Respectfully submitted,

             KREINCES & ROSENBERG, P.C.

         By: _____
             LEONARD KREINCES (LK/6524)
             Attorneys for Plaintiff
             900 Merchants Concourse, Suite 305
             Westbury, New York 11590
             (516) 227-6500

Z:\kreinces1\WORK\General\EndicoPotatoes\Home Market Foods\Complaint PACA.wpd